UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X  Civil Action No.

SUKHJINDER VIRDI and RAVINDER SINGH *on behalf of themselves and all others similarly situated,*

                         Plaintiffs,   **CLASS AND COLLECTIVE ACTION COMPLAINT**

    -against-

COPLEY COFFEE HOLDINGS, LLC, COPLEY DB 1 LLC, EAST SIDE DD LLC, and EAST SIDE DD 108 LLC,   **JURY TRIAL DEMANDED**

                         Defendants.

------------------------------------------------------------------------X

Plaintiffs SUKHJINDER VIRDI and RAVINDER SINGH (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, Bell Law Group, LLC, respectfully allege on as follows:

### NATURE OF CASE

1. Plaintiffs bring this action on behalf of themselves, and all others similarly situated for Defendants' systemic and continuous violations of: i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 *et seq.*; ii) the minimum wage and overtime provisions of the New York Labor Law ("NYLL") and N.Y. Comp. Codes R. & Regs. ("NYCCRR") Tit. 12, § 142-2.2; iii) the spread of hours requirement as contained in New York State regulation, 12 NYCRR § 142 *et seq*; iv) the requirement that employers furnish employees with a written statement at the time of hiring, containing specific categories of information under the NYLL § 195(1), codified as the New York Wage Theft Prevention Act (the "NYWTPA"); v) the requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate information under the NYLL § 195(3); and vi) any other cause(s) of action that can be inferred from the facts set forth herein.

1

## **PRELIMINARY STATEMENT**

2.     Defendants Copley Coffee Holdings, LLC, and Copley DB 1 LLC, East Side DD LLC, and East Side DD 108 LLC, operate a number of Dunkin' Donuts franchises and as commercial trucking companies exclusively serving Dunkin' Donuts locations in New York City by making deliveries to Dunkin' Donuts locations every night, seven days per week. Although Defendants annually generate thousands of dollars in gross revenue, it refuses to honor its legal obligation to comply with federal and state other wage laws, systematically depriving past and current Copley employees with wages that they are entitled to as a matter of law. Specifically, Defendants created and implemented multiple unlawful wage policies, as set forth in more detail below.

3.     Notably, Defendants have an unlawful policy of refusing to pay employees proper overtime wages or correctly reporting their hours worked. Specifically, Defendants paid Plaintiffs for a flat thirty-five (35) hours per week, regardless of how many hours were actually worked, and therefore violated the minimum and overtime wage requirements of the New York Labor Law ("NYLL") and the Federal Fair Labor Standards Act ("FLSA").

4.     Accordingly, Plaintiffs now bring this action on behalf of themselves, and all similarly situated employees, pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., and specifically the collective action provision of the FLSA, 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage and hour provisions of the FLSA, as such violations have deprived Plaintiffs and others similarly situated of their lawfully-earned wages.

5.     Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former employees of the Defendants, pursuant to Fed. R. Civ. P. 23, for violations of New York Labor Law ("NYLL") § 195 and 12 N.Y. Comp. Codes R. & Regs. ("NYCRR") § 146-2.2 and 2.3.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

7. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## DEMAND FOR JURY TRIAL

9. A jury trial is requested on all claims alleged herein.

## THE PARTIES

10. Plaintiff Sukhjinder Virdi ("Mr. Virdi") was and still is a resident of the County of Nassau, State of New York.

11. At all times relevant herein, Mr. Virdi was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), NYLL and the NYWTPA.

12. Plaintiff Ravinder Singh ("Mr. Singh") was and still is a resident of the County of Queens, State of New York.

13. At all times relevant herein, Mr. Singh was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), NYLL and the NYWTPA.

14. Plaintiffs are all covered employees within the meaning of the FLSA, 29 U.S.C. § 201, et seq. and NYLL, N.Y. Lab. Law § 160 et seq.

### *Copley DB 1, LLC*

15. Defendant COPLEY DB 1, LLC, was and still is a domestic corporation organized

and existing under and by virtue of the laws of Massachusetts with an address located at 150 Newport Avenue Ext., Quincy, MA 02171, and a New York address located at 361 3rd Ave, New York, NY 10016.

16. Upon information and belief, COPLEY DB 1, LLC is the owner of COPLEY COFFEE HOLDINGS, LLC.

17. Defendant COPLEY DB 1, LLC as an "employer" of Plaintiffs within the meaning of the FLSA, 29 USC § 203(d), and NYLL § 190(3) as, inter alia, its name is featured on Plaintiffs' paychecks.

*Copley Coffee Holdings, LLC*

18. COPLEY COFFEE HOLDINGS, LLC was and still is a foreign limited liability company, registered to do business in the state of New York, with an address for service located at 28 Liberty Street, New York, NY, 10005.

19. Defendant COPLEY COFFEE HOLDINGS, LLC was an "employer" of Plaintiffs within the meaning of the FLSA, 29 USC § 203(d), and NYLL § 190(3), because, inter alia, it is a parent, subsidiary, shell and/or alter ego of COPLEY DB 1, LLC.

*East Side DD LLC*

20. East Side DD LLC was and still is a foreign limited liability company, registered with the State of New York, with an address for service located at 567 Third Avenue, 5th Floor, New York, NY 10016.

21. Defendant East Side DD LLC was an "employer" of Plaintiffs within the meaning of the FLSA, 29 USC § 203(d), and NYLL § 190(3), because, inter alia, Mr. Singh was originally hired and compensated by this named Defendant, and eventually, the name of this entity was changed to COPLEY DB 1, LLC.

22. Upon information and belief, East Side DD LLC, is a parent, agent, subsidiary,

4

shell, and/or alter ego of COPLEY DB 1, LLC.

### *East Side DD 108 LLC*

23. East Side DD 108 LLC was and still is a foreign limited liability company, registered with the State of New York, with an address for service located at 567 Third Avenue, 5th Floor, New York, NY 10016.

24. Defendant East Side DD 108 LLC was an "employer" of Plaintiffs within the meaning of the FLSA, 29 USC § 203(d), and NYLL § 190(3), because, inter alia, it is a parent, subsidiary, shell and/or alter ego of COPLEY DB 1, LLC.

25. Defendants Copley Coffee Holdings, LLC, and Copley DB 1 LLC, East Side DD LLC, and East Side DD 108 LLC are referred to collectively, hereinafter as "Defendants."

26. Defendants own and operate a number of Dunkin' Donuts restaurants in New York City, as well as the supply chains necessary to stock and support those locations.

27. Upon information and belief, the Defendants own a chain of approximately thirty-five (35) stores in New York.

28. At all times relevant to this action, Defendants were and are engaged in interstate commerce, as defined by the FLSA, and all Defendants' qualifying annual business exceeds $500,000.00, the combination of which subjects Defendants to the FLSA's overtime requirements.

29. At all times hereinafter mentioned, Defendants exercised control over the terms and conditions of Plaintiffs' employment, in that the Defendants had the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; (iv) supervise work and control of the employees, including the Plaintiffs herein; and (v) otherwise affect the quality of the employees' work conditions and employment.

30. Defendants were an "employer" of Plaintiffs within the meaning of the FLSA, 29 USC § 203(d), and NYLL § 190(3).

## FLSA COLLECTIVE ALLEGATIONS

31. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on their own behalf, as well as those in the following class:

> Current and former employees of Defendants, during the relevant statutory period, who were denied overtime compensation at the statutory rate of one-and-one-half times their regular hourly rate which is legally due to them, for the time worked in excess of forty (40) hours per week ("FLSA Plaintiffs").

32. At all relevant times, Mr. Singh and Mr. Virdi and the members of the FLSA Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay them one-and-one half times their hourly rate of pay, for work in excess of forty (40) hours per workweek. The claims of Plaintiffs herein are essentially the same as those of the other FLSA Plaintiffs.

33. This case is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.

34. Plaintiffs' entitlement to overtime pay would be similar to that of the other FLSA Class members, and their claim would depend on identical factual and legal questions, including but not limited to:

   a. Whether Plaintiffs were denied overtime wages at the mandatory statutory rate for all hours over 40 in a workweek;

   b. Whether Defendants' violations were willful; and

   c. Whether Defendants should be required to pay compensatory damages, attorneys' fees, costs, and interest for violating the FLSA.

## NYLL CLASS ALLEGATIONS

35. Plaintiffs bring the action pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(4) on behalf of a putative class defined to include:

> Current and former employees of Defendants who performed work for Defendants during the statutory period, and who were:
>
> (1) denied overtime wages at the mandatory statutory rate for all hours over 40 in a workweek;
>
> (2) denied regular wages for all hours under 40 in a workweek;
>
> (3) denied accurate and/or complete pay wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); and/or
>
> (4) denied accurate and/or complete wage notices upon hiring, and annually thereafter, containing the information required by N.Y. Lab. Law § 195(1).

36. *Numerosity:* The members of the Rule 23 Class are so numerous that joinder of all members in the case would be impracticable. Plaintiffs reasonably estimate there are at least 40 Class Members who reside and work in New York. The precise number of Class Members should be readily available from a review of Defendants' personnel and payroll records.

37. *Commonality/Predominance:* There is a well-defined community of interest among the Rule 23 Class Members and common questions of *both* law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions include, but are not limited to, the following:

   a. Whether Plaintiffs were denied overtime wages at the mandatory statutory rate for all hours over 40 in a workweek;

   b. Whether Plaintiffs were denied regular wages for all hours under 40 in a workweek;

   c. Whether Plaintiffs were denied mandatory sick time;

   d. whether Defendants unlawfully failed to pay a spread of hours to Class members when their start and end times were more than ten (10) hours apart;

    e. whether Defendants violated the NYWTPA by failing to provide Plaintiffs and Class Members with sufficiently detailed wage statements with each payment, as required by NYLL § 195(3);

    f. whether Defendants violated the NYWTPA by failing to provide Plaintiffs and Class Members with a written statement upon hiring, required by NYLL § 195(1);

    g. whether Plaintiffs and the members of the Class are entitled to damages, and if so, the method by which such damages should be calculated; and

    h. whether Defendants are liable for the attorneys' fees and costs of the members of the Class.

38. *Typicality:* Plaintiffs' claims are typical of those of the Rule 23 Class in that the Plaintiffs and all other members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. Plaintiffs' claims arise from the same policies, practices, and course of conduct as all other Rule 23 Class Members' claims and Plaintiffs' legal theories are based on the same legal theories as all other Rule 23 Class Members, as detailed above.

39. *Adequacy:* Plaintiffs will fully and adequately protect the interests of the Rule 23 York Class. Furthermore, Class Counsel, Bell Law Group, PLLC are highly qualified to litigate Plaintiffs' and the class's claims.

40. *Superiority:* A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, inter alia, it is economically unfeasible for the Rule 23 Class Members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual, along with the fear of reprisal by their employer. Notably:

    a. This case involves corporate Defendants, that have vast resources, and many individual proposed Class members who have limited resources and who have relatively small claims with common questions of law and fact;

    b. If each individual was required to file a separate lawsuit, Defendants, with their vast resources, would be able to exploit and overwhelm the limited resources of the

      proposed Class members;

c. Requiring each individual to file a separate lawsuit will discourage members of the potential Class still employed by Defendants from asserting lawful claims because of an appreciable fear that Defendants will retaliate against them;

d. Prosecuting separate lawsuits by each member of the proposed Class will create a substantial risk of inconsistent or varying verdicts; will establish potentially incompatible standards of conduct for Defendants; will result in legal determinations as to each individual that are dispositive of the interest of the other proposed Class members who are not parties to the adjudications; and will impair or impede the ability of the proposed Class members to protect their own interests;

e. The individual claims are not large enough to warrant the costs and expenses that will be incurred in individual prosecution making it difficult, if not impossible, for the individuals to redress the wrongs done to them; and

f. The cost to the legal system for individual adjudication will be substantial making the class action superior.

41. The case will be manageable as a class action because the Defendants should have payroll systems that will allow the wage-and-hour damages issues in the case to be resolved with relative ease. Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate.

42. The Defendants have acted on grounds generally applicable to the Class, thereby making relief, including declaratory and/or injunctive relief, appropriate for the Class.

## CLASSWIDE FACTUAL ALLEGATIONS
### *Defendants Violated FLSA's Overtime Laws*

43. Plaintiffs regularly worked seven days per week, consistently between forty (40) to

fifty-five (55) hours per week, and up to sixty (60) hours per week, and up to ten (10) to twelve (12) hour shifts.

44.     Regardless of how many hours Plaintiffs worked during a week, their paystubs always indicated pay for 35 hours and included an inaccurate accounting of the hours worked, as set forth in detail below.

45.     Defendants violated the rights of Plaintiffs and Class Members, by failing to pay overtime compensation at a rate not less than one-and-one-half times their regular rate of pay for each hour worked in excess of 40 per week, in violation of the FLSA, 29 U.S.C. § 207(a)(l).

### *Defendants Violated NYLL's Spread of Hours Laws*

46.     Plaintiffs and the Class Actions Plaintiffs routinely worked in excess of ten (10) hours per day, seven days per week.

47.     Despite employees regularly working shifts in excess of ten (10) hours per day, Defendants failed to compensate Plaintiffs and the New York Class for the legally mandated spread of hours pay, in violation of 12 N.Y.C.R.R. § 142-2.4.

48.     Specifically, Defendants failed to provide Plaintiffs with an additional hour of pay for each day that they worked a spread of hours that exceeded ten (10) hours.

### *Defendants Violated NYLL's Wage Statements Laws*

49.     NYLL § 195(3) requires every employer to:

> furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

50.     Plaintiffs have worked for Defendants for as many as twelve (12) years and consistently received inaccurate wage statements with inaccurate hours listed.

51. Because Plaintiffs' wage statements were inaccurate, Defendants failed to conform with NYLL § 195(3).

### *Defendants Violated NYLL's Hiring Notice Statements*

52. Pursuant to NYLL § 195(1)(a), every employer is required to provide each employee with a notice, upon hiring, setting forth, among other things, "the rate or rates of pay and basis thereof."

53. Defendants knowingly failed to comply with this provision by failing to provide Plaintiffs and Class Members with any kind of notice upon hiring, let alone a notice meeting the requirements of NYLL § 195(1)(a).

54. To the extent any notices were given to Plaintiffs, they were inaccurate and misleading, since Defendants consistently paid Plaintiffs and the Class an inaccurate wage and for inaccurate hours.

## **FACTUAL ALLEGATIONS**

### **Mr. Virdi**

55. Plaintiff Virdi began working with Defendants in or around 2018, and left his place of employment in November 2023.

56. Plaintiff Virdi was compensated at $32 per hour.

57. Plaintiff Virdi's responsibilities as a driver included, *inter alia,* arriving to kitchen located at 170 27th Street, Brooklyn, New York to load up his truck; doing deliveries in and around New York City, and then returning his truck to Brooklyn in the wee hours of the morning.

58. Plaintiff Virdi routinely worked forty (40) to fifty-five (55) hours per week. For instance, by way of illustration, Defendants' records show that Plaintiff worked the following hours:

       May 7 – May 13, 2023: 52.12 hours

       May 14 – May 20, 2023: 55.25 hours

       May 21 – May 27, 2023: 47.42 hours

    June 18 – June 24, 2023: 43.72 hours

    June 25 – July 1, 2023: 43.73 hours

    July 15 – July 22, 2023: 43.22 hours

    August 6 – August 12, 2023: 45.15 hours

    Sep. 24 – Sept. 30, 2023: 43.97 hours

    Oct. 1 – Oct. 7, 2023: 39.60 hours

    Oct. 8 – Oct. 14, 2023: 48.70 hours

    Oct. 15 – Oct. 21, 2023: 44.12 hours

(*See* Exhibit A). This sampling reflects Defendants systemic policy of routinely requiring that its employees work overtime hours.

  59.  However, Defendants falsely documented that Plaintiff Virdi only worked thirty-five (35) hours per week irrespective of how many hours he *actually* worked. This is evidenced by looking at the paystubs that correspond to the last three entries in the above list:

| | |
|---|---|
| Pay period: Sep. 24 – Sept. 30, 2023 | 35 hours<br><br>(compare to 43.97 actual hours in Exhibit A) |
| Pay Period: Oct. 1 – Oct. 7, 2023 | 35 hours<br><br>(compare to 39.60 actual hours in Exhibit A) |
| Pay period: Oct. 8 – Oct. 14, 2023 | 35 hours<br><br>(compare to 48.70 actual hours in Exhibit A) |
| Pay Period: Oct. 15 – Oct. 21, 2023 | 35 hours<br><br>(compare to 44.12 actual hours in Exhibit A) |

(*See* Exhibit B).

  60.  Likewise, Defendants only paid Plaintiff Virdi for thirty-five (35) hours per week

12

irrespective of how many hours he *actually* worked. (Id.) Thus, Defendant was denying Virdi regular wages for up to five (5) hours a week and overtime wages for all hours over forty (40) in a work week.

61. Moreover, at times, Plaintiff Virdi's manager Taj, directed him not to punch-in and punch out so that the record would not reflect the accurate number of overtime hours he was working.

62. Plaintiff Virdi was denied sick and holiday leave, despite requesting same.

63. At all relevant times, Plaintiff Virdi was entitled to wage statements under New York Labor Law § 195(3), indicating the regular and overtime rate of pay, the basis of the rate of pay, the dates covered by the payment, the name, address and phone number of the employer, and itemized allowances and deductions. However, Plaintiff never received accurate wage statement, since Defendants falsely documented that he only worked thirty-five (35) hours per week irrespective of how many hours he *actually* worked, and did not pay him overtime wages.

64. Likewise, Plaintiff Virdi was entitled to a Wage Theft Prevention Act notice at the start of his employment and when his compensation changed. However, Plaintiff never received the required notices since Defendants were falsely documenting his hours per week and failing to pay overtime wages.

## Mr. Singh

65. Plaintiff Singh began working with Defendants in or around 2010 and worked there until March 2022.

66. Plaintiff Singh's responsibilities as a driver included, *inter alia,* arriving to kitchen located at 170 27th Street, Brooklyn, New York, to load up his truck; doing deliveries in and around New York City, and then returning his truck to Brooklyn in the wee hours of the morning.

67. Plaintiff Singh was compensated at $140.00 per shift until 2021 when he was compensated at $160.00 per shift.

68. Plaintiff Singh routinely worked forty (40) to sixty (60) hours per week. For instance…. (example of week when Plaintiff's Singh worked more than forty hours and was not paid o/t.).

69. Indeed, at times, Plaintiff Singh's manager Taj, directed him not to punch-in and punch out so that the record would not reflect the accurate number of overtime hours he was working.

70. Moreover, Defendants falsely documented that Plaintiff Singh only worked thirty-five (35) hours per week irrespective of how many hours he actually worked.

71. Likewise, Defendants only paid Plaintiff Singh per shift, regardless of how long his shifts were. Accordingly, Plaintiff Singh was denied regular wages for up to five (5) hours in a week, and was also denied overtime wages at the mandatory statutory rate of one-and-one-half-times his regular rate, for all hours over forty (40) in a workweek.

72. Plaintiff Singh was denied sick and holiday leave, despite requesting same.

73. Plaintiff Singh was unlawfully terminated after he was ill with Covid.

74. At all relevant times, Plaintiff Singh was entitled to wage statements under New York Labor Law § 195(3), indicating the regular and overtime rate of pay, the basis of the rate of pay, the dates covered by the payment, the name, address and phone number of the employer, and itemized allowances and deductions. However, Plaintiff never received accurate wage statement, since Defendants falsely documented that he only worked thirty-five (35) hours per week irrespective of how many hours he actually worked, and did not pay him overtime wages.

75. Likewise, Plaintiff Singh was entitled to a Wage Theft Prevention Act notice at the start of his employment and when his compensation changed. However, Plaintiff never received the required notices since Defendants were falsely documenting his hours per week and failing to pay overtime wages.

## FIRST CAUSE OF ACTION

### (Unpaid Overtime under the FLSA, 29 U.S.C. § 207)

76. Plaintiffs, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

77. Defendants violated the rights of Plaintiffs and Class Members, by failing to pay overtime compensation at a rate not less than one-and-one-half times their regular rate of pay for each hour worked in excess of 40 per week, in violation of the FLSA, 29 U.S.C. § 207(a)(l).

78. Defendants' failure to pay Plaintiffs and Class Members overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255.

79. Therefore, the Defendants are liable to Plaintiffs and Class Members for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### (Unpaid Overtime Wages under the NYLL)

80. Plaintiffs, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

81. Defendants violated the rights of Plaintiffs and Class Members, by failing to pay overtime compensation at a rate not less than one-and-one-half times their regular rate of pay for each hour worked in excess of 40 per week, in violation of the NYLL.

82. Defendants' failure to pay Plaintiffs and Class Members overtime compensation was willful within the meaning of the NYLL.

83. Therefore, the Defendants are liable to Plaintiffs and Class Members for their unpaid

overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief.

### THIRD CAUSE OF ACTION

### (Unpaid Regular Wages under NYLL)

84. Plaintiffs, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

85. As outlined above, Plaintiffs were only paid thirty-five (35) hours each week, although they regularly worked more than thirty-five (35) hours.

86. Defendants were aware or should have been aware that the practices described in this complaint were unlawful, and Defendants have not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiffs.

87. As a proximate result of Defendants' unlawful conduct, Plaintiffs have suffered economic damages in the form of unpaid regular wages in an amount to be determined at trial and are entitled to recover the value of those unpaid regular wages plus an equivalent amount of liquidated damages pursuant to the Labor Law, as well as reasonable attorneys' fees and costs, and interest, pursuant to NYLL.

### FOURTH CAUSE OF ACTION

### (New York Spread of Hours Violations, NYLL §§ 650 *et seq.*)

88. Plaintiffs, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

89. Plaintiffs and the Class members regularly worked days where the spread of hours exceeded ten (10).

90. Defendants willfully and intentionally failed to compensate Plaintiffs and Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

91. As a result of Defendants' willful and intentional unlawful conduct, Plaintiffs and the proposed Class members are entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under New York law, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CAUSE OF ACTION**

**(Failure to Provide Notices Upon Hiring in Violation of the NYLL § 195(1))**

92. Plaintiffs and the Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

93. Pursuant to NYLL § 195(1)(a), every employer is required to provide each employee with a notice, upon hiring, setting forth, among other things, "the rate or rates of pay and basis thereof."

94. Defendants knowingly failed to comply with this provision by failing to provide Plaintiffs and Class Members with any kind of notice upon hiring, let alone a notice meeting the requirements of NYLL § 195(1)(a).

95. To the extent any notices were given to Plaintiffs, they were inaccurate and misleading, since Defendants regularly and consistently underpaid their employees and provided inaccurate wage statements.

96. Based on the foregoing, Defendants are liable to Plaintiffs and Class Members in the amount of $5,000.00 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

## SIXTH CAUSE OF ACTION

### (Failure to Provide Wage Statements in Violation of the NYLL § 195(3))

97. Plaintiffs and the Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

98. Pursuant to NYLL § 195(3), every employer is required to:

furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

99. Defendants knowingly violated this provision by failing to provide Plaintiffs and Class Members with wage statements meeting the requirements set forth above.

100. NYLL § 198(1)(d) provides that any employee not provided appropriate wage statements may collect damages of $250.00 for each work day that the violation occurred or continued to occur, up to a total of $5,000.00 per employee, together with costs and reasonable attorneys' fees, as well as appropriate injunctive and/or declaratory relief.

101. During the course of Plaintiffs' and Class Members' employment, Defendants consistently and willfully failed to provide them with adequate wage statements as required by New York law.

102. To the extent any paystubs were given to Plaintiffs, they were inaccurate and misleading, since Defendants regularly and consistently underpaid their employees and provided inaccurate wage statements.

103. Defendants are therefore liable to Plaintiffs and Class Members in the amount of $5,000.00 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

## SEVENTH CAUSE OF ACTION

**(Violation of New York's Paid Sick Leave Act, NY Labor § 196-b)**

104. Plaintiffs, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

105. Pursuant to New York's Paid Sick Leave Act, NY Labor § 196-b, employers with 5 to 99 employees must provide up to 40 hours of paid sick leave per calendar year.

106. Plaintiffs were not given the mandatory leave in compliance with the statute.

107. Therefore, the Defendants are liable to Plaintiffs and Class Members in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, individually and on behalf of all others similarly situated, pray for the following relief:

- a. Certifying the New York Class in accordance with Fed. R. Civ. P. 23(b)(3) or (c)(4) with respect to the claims set forth above;
- b. Designating Plaintiffs as Class Representatives;
- c. Designating Bell Law Group, PLLC as Class Counsel;
- d. Granting judgment in favor of Plaintiffs and the Class, and against the Defendants, and awarding the amount of unpaid overtime wages calculated at the rate of one-and-one-half (1.5) times Plaintiffs' regular rate, multiplied by all hours that Plaintiffs worked in excess of the prescribed number of hours per week;
- e. Awarding liquidated damages to Plaintiffs and the Class, in an amount equal to the amount of unpaid overtime wages found owing to Plaintiffs and the Class Members;
- f. Awarding all other available compensatory damages to Plaintiffs and the Class, including, <u>inter alia</u>, all unpaid wages, lost interest owed, and liquidated and double damages by Defendants under the FLSA, NYLL, and NYWPTA;
- g. Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action;

19

    h.  Awarding pre-judgment and post-judgment interest to Plaintiffs on these damages; and

    i.  Awarding such further relief as this court deems just and proper.

Dated: New York, New York
        January 23, 2024

                              Respectfully submitted,

                              BELL LAW GROUP, PLLC

                              By: _____
                              Chaya M. Gourarie, Esq.
                              Bell Law Group, PLLC
                              116 Jackson Avenue
                              Syosset, New York 11791
                              T. 516-280-3008
                              CG@belllg.com
                              *Attorneys for Plaintiffs and Putative Class*